IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| H. DALE CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0280-WS-B |
| ) | |
| FIDELITY NATIONAL PROPERTY ) | |
| AND CASUALTY INSURANCE CO., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the motion of Wachovia Bank, N.A., ("Wachovia"), Bankers Insurance Services, Inc. ("Bankers"), and Greg Davis (collectively, "the intervenors") to intervene. (Doc. 31), and on the plaintiff's motion to dismiss the motion to intervene on procedural grounds. (Doc. 43). The intervenors have filed a response to the latter motion, (Doc. 48), which is ripe for resolution.

The plaintiff sued the defendants for breach of a policy of flood insurance, in that they offered him approximately $89,000 in benefits after Hurricane Katrina when the plaintiff maintained that the policy limits of $323,300 were due. (Doc. 1). According to the motion to intervene, Wachovia held the note and mortgage on the subject property and force-placed flood insurance on it, using Bankers as a broker. The plaintiff recently filed suit against the intervenors in state court alleging, under various legal theories, that they failed to obtain adequate insurance on the property. A few days after the motion to intervene was filed, the parties filed a notice that they have resolved the case by settlement. (Doc. 42).

The plaintiff argues that the parties' settlement renders the motion to intervene moot. (Doc. 43 at 2). The intervenors "agree that the Motion to Intervene should be dismissed, provided that the terms of the parties' settlement does not impair the

Intervenors [sic] interests in either the State Court Action or any other matter relating to the terms of the Policy issued on the Property." (Doc. 48 at 4).

The motion to intervene specifies that the only circumstances under which the intervenors' interests in the state action could be impaired in this action would arise were the Court to rule that the defendants breached the insurance contract by failing to pay the full loss sustained on the property. (Doc. 31 at 5). Because the case has settled, the Court will make no such ruling. The intervenors identify no way, outside the state action, that the settlement could impair their interests, and the Court perceives none. Certainly the intervenors, as non-parties to the settlement, are not bound by its terms or any factual statements contained therein. Nor would the intervenors' position be improved by intervention, since the parties would still be entitled to settle their dispute without input from the intervenors, who remain free to pursue the defendants in other litigation.

For the reasons set forth above, the motion to dismiss the motion to intervene is **granted** and the motion to intervene is **denied as moot**.[1]

DONE and ORDERED this 19th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The intervenors' response to the motion to dismiss also addresses two motions to quash, which are pending before the Magistrate Judge. (Doc. 48 at 4-5). In order to bring its argument to the attention of the Magistrate Judge, the intervenors will need to file and serve a separate brief addressing those motions.